IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PILIALOHA KUAHULU,<br><br>            Plaintiff,<br><br>    v.<br><br>UNIFI AVIATION LLC,<br><br>            Defendant. | Case No. 24-cv-00504-DKW-KJM<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**[1] |

On November 26, 2024, Plaintiff Pilialoha Kuahulu, proceeding without counsel, filed a Complaint against Defendant Unifi Aviation LLC, alleging employment discrimination under Title VII of the Civil Rights Act of 1964. Dkt. No. 1. Kuahulu has also filed an application to proceed *in forma pauperis* ("IFP Application")[2] and a motion for appointment of counsel. Dkt. Nos. 2-3.

**The IFP Application**

"[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that the applicant is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Upon review, the IFP Application must be denied because Kuahulu has failed to adequately answer the vast majority of the questions therein. Specifically, in the IFP Application, although Kuahulu states that Kuahulu has not received any "Other Income" in the past 12 months, no other questions are answered, including questions regarding gross pay or wages and money held in a bank account. *See generally* Dkt. No. 2. As a result, because the IFP Application is incomplete, it is not possible for the Court to assess whether Kuahulu is unable to pay the filing fee for this case. The IFP Application is, therefore, DENIED without prejudice.

Should Kuahulu decide to continue with this action without paying the filing fee, Kuahulu must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to Kuahulu. In completing a new application, Kuahulu must answer <u>all</u> questions on the form. If the answer to any question is, for example, $0, "none", or "not applicable", Kuahulu should so state and should <u>not</u> simply leave a question blank. So it is clear, the failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee will result in the dismissal of this action without further consideration of the merits of the complaint or any amended complaint that may be filed.

**<u>The Complaint</u>**[3]

    The Complaint is notable for the lack of factual information provided therein. More specifically, the Complaint states that Kuahulu's claim of employment discrimination concerns "termination", presumably while Kuahulu worked at Unifi Aviation. Dkt. No. 1 at 2. The Complaint further states that the claim concerns Kuahulu's sexual orientation, which Kuahulu states is "transgender." *Id*. at 3. Finally, the Complaint states that the basic facts of the claim are that there was a "[d]isregard of pronouns used on property." *Id*. That is the sum total of the allegations therein. As such, they are entirely insufficient to state a claim of employment discrimination.

    To state an employment discrimination claim under Title VII, a plaintiff must allege that (1) the plaintiff belongs to a class of persons protected by Title VII, (2) the plaintiff performed the job satisfactorily, (3) the plaintiff suffered an adverse employment action, and (4) the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 & n.5 (9th Cir. 2006). Here, while Kuahulu may allege a protected class (transgender) and an adverse employment action (termination), there are no allegations regarding

---

[3]The Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Kuahulu's job performance or whether and how Unifi Aviation treated differently a similarly situated employee outside of Kuahulu's class.

Accordingly, the employment discrimination claim in the Complaint does not state a claim and must be dismissed.[4]  *See Iqbal*, 556 U.S. at 678; Fed.R.Civ.P. 8(a)(1).  That being said, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013).  Here, because it is possible that amendment may result in a plausible claim, the Court will provide Kuahulu an opportunity to do so.

Should Kuahulu choose to file an amended complaint, among other things, Kuahulu must write short, plain statements stating: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right(s) Kuahulu believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Kuahulu's right(s); and (6) what specific injury Kuahulu suffered because of that defendant's conduct.  Further,

---

[4]For the same reason, the motion for appointment of counsel, Dkt. No. 3, is DENIED.  *See Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-417 (9th Cir. 1994) (explaining that courts consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim."); *Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014) (stating that a plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor may be fatal to the request).

should Kuahulu choose to allege an employment discrimination claim in any amended complaint, Kuahulu should follow the Court's guidance set forth above on the elements of such a claim—all of which must be alleged in any amended complaint.

To assist Kuahulu in this endeavor, the Court will mail Kuahulu a blank copy of an Employment Discrimination Complaint form.   Kuahulu may have until **December 31, 2024** to file both an amended complaint and a new application to proceed *in forma pauperis*.   **The Court cautions Kuahulu that failure to file either an amended complaint or a new application to proceed *in forma pauperis* by December 31, 2024 may result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Kuahulu (1) a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240), and (2) a blank Complaint for Employment Discrimination (Pro Se 7).

IT IS SO ORDERED.

Dated: December 4, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge