IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PILIALOHA KUAHULU,<br><br>Plaintiffs,<br><br>v.<br><br>UNIFI AVIATION LLC,<br><br>Defendant. | Case No. 24-cv-00504-DKW-KJM<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE**[1] |

On December 4, 2024, the Court denied without prejudice Plaintiff Pilialoha Kuahulu's application to proceed without prepayment of fees or costs, dismissed with leave to amend her Complaint, and denied her motion for appointment of counsel. Dkt. No. 5. In doing so, the Court allowed Kuahulu until December 31, 2024 to file both a new application to proceed without prepayment of fees or costs and an amended complaint.

As of this date, Kuahulu has filed nothing in this case since entry of the December 4, 2024 Order, including not filing a new application to proceed without prepayment of fees or costs, otherwise paying the filing fee, or filing an amended complaint. As a result, for the reasons discussed below, because Kuahulu has

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

elected not to timely proceed with this action or comply with the December 4, 2024 Order, this case is DISMISSED without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)   Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61).   Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Kuahulu's failure to respond to the December 4, 2024 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation.   As such, this factor favors dismissal.   *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

2

Second, Kuahulu's failure to respond to the December 4, 2024 Order hinders this Court's ability to manage its docket. Simply put, this Court cannot manage its docket if litigants, like Kuahulu, fail to timely respond to the Court's instructions and orders. As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Kuahulu has offered no excuse or explanation for her failure to respond to the December 4, 2024 Order. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case. Specifically, Kuahulu was provided with an opportunity to file both an amended complaint and a new application to proceed in district court without paying fees or costs, provided guidance on how to do so, and warned that failure to comply within the time allowed would result in dismissal of this action. Kuahulu, though, did not avail herself of this opportunity. The only alternative to dismissal, therefore, is to wait for an unknown amount of time for Kuahulu to respond to the December 4, 2024 Order, despite there being, among other things, no operative

3

complaint in this case. That is not a reasonable or viable option, however. Moreover, with no showing of an entitlement to proceed without prepayment of fees and costs, it is statutorily not permitted. *See* 28 U.S.C. § 1914(a). As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered when the district court tried alternatives and warned the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the December 4, 2024 Order and failure to prosecute. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 10, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge